# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KEN AQUILINO,**

       **Plaintiff,**

**v.**                                **Case No: 6:15-cv-393-Orl-28KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RICHARD A. CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE . . . PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 30)
>
> **FILED:** January 9, 2019
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I. PROCEDURAL HISTORY.**

Plaintiff, Ken Aquilino, filed a complaint against Defendant, Commissioner of Social Security, alleging that the Commissioner had improperly denied his deceased wife social security disability and supplemental security income benefits. Doc. No. 1. In the Joint Memorandum filed by the parties, Aquilino raised four assignments of error. Doc. No. 19. The Court ultimately determined that one of these assignments of error was meritorious. It reversed the final decision of

the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Doc. Nos. 20, 23. On July 5, 2016, the Clerk of Court entered judgment against the Commissioner and in favor of Aquilino. Doc. No. 24.

Thereafter, Aquilino's attorney, Richard A. Culbertson, filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 25. The Court granted the motion in part and awarded $4,207.50 in EAJA fees. Doc. Nos. 26, 27.

On remand, the Commissioner determined that Aquilino was entitled to social security disability benefits beginning in September 2010. Doc. No. 30-2, at 1. It appears that the total amount of the past-due benefits was $41,437.60, from which the Commissioner withheld $10,359.40 for payment of attorney's fees. Doc. No. 30-2, at 2.[1]

Attorney Culbertson now requests that the Court permit him to charge Aquilino $6,151.90 in attorneys' fees pursuant to 42 U.S.C. § 406(b), which is the amount of the withheld benefits claimed by Attorney Culbertson less the EAJA fees previously awarded by the Court.[2] This motion was timely filed. *See* Doc. No. 29, at 2. In the motion, Attorney Culbertson relies on the fee agreement Aquilino entered into with him, in which Aquilino agreed to pay "a fee of 25 percent of the total of the past-due benefits to which [he] is entitled." Doc. No. 30-1. Attorney Culbertson states that the Commissioner does not oppose the request. Doc. No. 30, at 3.

---

[1] The Commissioner withheld 25% of the past-due benefits in the amount of $10,359.40. This indicates that the total amount of past-due benefits awarded was $41,437.60 ($10,359.40 x 4).

[2] When attorney's fees are awarded under both § 406(b) and the EAJA, a social security claimant's attorney must either refund to the claimant the EAJA fees previously received or allow the EAJA fee to be deducted from the amount of withheld past-due benefits. *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

**II.    ANALYSIS.**

Attorney Culbertson seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).[3] The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id*. § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen*, the United States Court of Appeals for the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." 454 F.3d at 1277. Because Aquilino was awarded past-due benefits following remand, the Court may authorize counsel to charge Aquilino attorney's fees under § 406(b).

---

[3] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the 25% limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b). In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the Court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the 25% limit on the amount of fees that could be awarded from past-due benefits. *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).

The Court must determine whether the requested fee is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The burden is on counsel for the successful claimant to show that the fee sought is reasonable for the services rendered. *Id.* "[T]he court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. The Court observed that the contingent fee may be reduced when the fee is not commensurate with "the character of the representation and the results . . . achieved" or when the past-due benefits "are large in comparison to the amount of time counsel spent on the case . . . ," sometimes referred to as the windfall factor. *Id.*

In support of the motion, Attorney Culbertson represents that he and his associate attorney, Sarah Fay, worked at least 22.1 hours representing Aquilino in this Court. Doc. No. 30, at 3. This representation is supported by the information in the EAJA fee motion. Doc. No. 25, at 2. The Court is familiar with the background and experience of each of these professionals. It found that $190.27 per hour for work performed by Attorneys Culbertson and Fay in 2015 and $191.68 per hour for work performed by these attorneys in 2016 was reasonable, all in the absence of objection. Doc. No. 26, at 2-3; Doc. No. 27. Thus, it awarded EAJA fees for the hours of work performed by these professionals at the hourly rates the Court found to be reasonable. Doc. No. 26, at 4 n.4; Doc. No. 27.

My review of the file reflects that this was a contested matter before this Court. The administrative record was 946 pages long. Doc. No. 15-15. This Court gave the matter careful review. Doc. Nos. 20, 23. As a result of the work of counsel, Aquilino was successful on remand for further consideration of the claim on behalf of his deceased wife. There is no showing that counsel unreasonably delayed the proceedings, the fee is consistent with that agreed to in the retainer

agreement, and the fee is not so large as to be considered an inappropriate windfall. Under these circumstances, I recommend that the Court find that the requested attorney's fee is reasonable. *See, e.g.*, *Antle v. Comm'r of Soc. Sec.*, No. 6:10-cv-1642-Orl-28KRS, 2013 WL 2406147, at *3 (M.D. Fla. June 3, 2013), and cases cited therein.

### III. RECOMMENDATION.

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that Richard A. Culbertson, Esq., be allowed to charge Plaintiff Ken Aquilino a fee under § 406(b) in the amount of $6,151.90.[4]

It is further **ORDERED** that Attorney Culbertson shall promptly provide a copy of this Order to Aquilino. If Aquilino objects to the award of attorney's fees, he must file an objection with this Court within the time permitted to object to this Report and Recommendation. The objection shall reflect at the top of the page the caption and case number of the case as shown at the top of the order. It shall state the reason for the objection and the amount of attorneys' fees, if any, that Aquilino submits is reasonable. The objection shall be delivered or mailed to the Clerk of Court, United States District Court, 401 West Central Boulevard, Orlando, Florida 32801.

### Notice to the Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[4] Computed as follows: $10,359.40 (25% of past-due benefits) - $4,207.50 (EAJA fee) = $6,151.90.

- 6 -

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

**Respectfully recommended** in Orlando, Florida on February 19, 2019.

                                      *Karla R. Spaulding*
                                      KARLA R. SPAULDING
                                      UNITED STATES MAGISTRATE JUDGE